IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAMELA GRAY-WHEELER, et al.,

        Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:12-cv-00455

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

Pending before the court is Defendants' Motion for Partial Summary Judgment [ECF No. 90]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves a Mississippi plaintiff who was implanted with a Prolift and a TVT-SECUR ("TVT-S"), mesh products manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B.    Choice of Law

The parties agree, as does this court, that Mississippi law applies to the plaintiffs' claims at issue in this Motion.[1] The plaintiffs originally filed this action in the United States District Court for the Northern District of Mississippi. Compl. [ECF No. 1]. Mississippi follows the "most significant relationship" test, as outlined in the Restatement (Second) of Conflict of Laws, in determining choice of law questions.

---

[1] Ethicon asserts that New Jersey law governs the punitive damage claim. The plaintiffs' punitive damage claim, however, is not at issue in Ethicon's Motion and therefore will not be addressed.

*Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997). Courts look to four factors in making this determination: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (citing *McDaniel v. Ritter*, 566 So. 2d 303, 310 (Miss. 1989)). Here, the implantation surgery took place in Mississippi. Ms. Gray-Wheeler is a Mississippi resident, and she received medical care for her alleged injuries in Mississippi. Accordingly, Mississippi law governs the plaintiffs' claims.

III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' legal theories are without evidentiary or legal support.

A. Conceded Claims

The plaintiffs concede the following claims: Count II (manufacturing defect), Count IV (defective product), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), and Count XIII (violation of consumer protection laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

B. Unjust Enrichment

The plaintiffs have not identified any evidence to support their unjust enrichment claim. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

### IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 90] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (manufacturing defect), Count IV (defective product), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), and Count XV (unjust enrichment). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 30, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE